# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROCKINGHAM CASUALTY COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DOUGLAS HIMES, et al., ) <br> ) <br> Defendant. ) | Civ. Action No. 18-105 <br> Judge Nora Barry Fischer |

## **MEMORANDUM ORDER**

AND NOW, this 19th day of July, 2018, upon consideration of the Complaint (Docket No. [1]); the Stipulation to Amend the Complaint (Docket No. [18]), wherein the parties agreed the instant case would proceed on the issue contained in Count One of the Complaint, namely that Douglas Himes is not an insured; this Court's Order granting the Stipulation to Amend the Complaint (Docket No. [20]); Rockingham Casualty Company's reservation of rights letter (Docket No. [1-4]), wherein it advised Douglas Himes of Rockingham's defense against coverage, specifically:

'Insured' means:

. . .

b. 'your' relatives if residents of 'your' household.

As used in the definition stated above, the word 'your' 'mean[s] the person or persons named as the insured on the declarations'. (AAIS Form 3 Ed 2.0, Page 2 of 29). The persons so designated on the declarations of the policy are your parents, Michael Himes and Melanie E. Himes.

Thus, for you to qualify as an 'insured' under the definition quoted above, you must be a resident of the household of Michael Himes and Melanie E. Himes.

It has come to our attention that, at the time of Ms. Courtney's accident, you may not have been a resident of the household of Michael Himes and Melanie E. Himes. If it is established that you were not residing in your parents' household, then you would not be an insured and the Company would have no obligations to you under

1

> the policy and it could withdraw from your defense and refuse to pay any damages that may be imposed upon you;

the Answer of Miranda Courtney (Docket No. [21]); Rider Insurance Company's Motion to Intervene and Brief in Support (Docket No. [28]); Rockingham's Response to the Motion to Intervene (Docket No. [35]); Miranda Courtney's Response to the Motion to Intervene (Docket No. [36]); Rider's Reply Brief and its proposed Answer to the Complaint (Docket Nos. [38], [38-1]); and having heard argument thereon (Docket No. [40]),

IT IS HEREBY ORDERED that Rider's Motion to Intervene is DENIED, as Rider has not established that it meets the requirements to intervene. "A putative intervenor seeking to intervene under Fed. R. Civ. P. 24(a)(2) must establish that: '(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation.'" *Choike v. Slippery Rock Univ.*, 297 Fed. Appx. 138, 140 (3d Cir. 2008) (citing *Harris v. Pernsley,* 820 F.2d 592, 596 (3d Cir. 1987). Although these requirements are intertwined, each must be met to intervene as of right. *Harris*, 820 F.2d at 596 (citations omitted). To that end, the Court finds that Rider has not met each of these requirements, as it would appear to the Court that Defendant Miranda Courtney can adequately represent the interests of Rider in pursuing coverage against Rockingham.

In this case, Rider, as the putative intervenor, has the burden to show that its interests are not adequately represented by the existing parties. *See United States ex rel. Frank M. Sheesley Co. v. St. Paul Fire & Marine Insurance Co.*, 239 F.R.D. 404, 409 (W.D. Pa. 2006).

> The extent of that burden is not concretely established, but varies according to the circumstances. *Kleissler v. United States Forest Serv.,* 157 F.3d 964, 972 (3d Cir. 1998). Though often minimal, the burden can rise when the interests of an existing party are presumed coincident with those of the potential intervenor. '[W]hen the

party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented.' *In re Cmty. Bank of N. Va. & Guar. Nat'l Bank of Tallahassee Second Mortgage Loan Litig.,* 418 F.3d 277, 315 (3d Cir. 2005) (citing with approval *Virginia v. Westinghouse Elec. Corp.,* 542 F.2d 214, 216 (4th Cir. 1976)). 'To overcome the presumption of adequate representation, the proposed intervenor must ordinarily demonstrate adversity of interest, collusion, or nonfeasance on the part of a party to the suit.' *Id.* (citing *Int'l Tank Terminals, Ltd. v. M/V Acadia Forest,* 579 F.2d 964, 967 (5th Cir. 1978)). *See also Brody,* 957 F.2d at 1123 (holding that the presumption of adequacy is defeated if the movant shows a sufficient divergence between its interests and those of the existing party, collusion between the existing parties, or "that the representative party is not diligently prosecuting the suit").

*Id.*

Here, Rider has not overcome the above described presumption. Rather, in its brief, it concedes that Miranda Courtney may have an interest in establishing coverage by Rockingham. (Docket No. 38, at 5). This Court agrees that Ms. Courtney, as the injured party, does have a keen interest in finding coverage for her losses. Indeed, during oral argument, counsel for Ms. Courtney argued that coverage exists under the Rockingham policy if the Court determines that Mr. Himes lived with his parents. Counsel for Ms. Courtney further asserted that the language seems clear that the Rockingham policy covers an insured party driving an ATV that he or she does not own and that is not on the premises.

Rider's argument therefore rests on the assertion that Rider's interests diverge with Ms. Courtney as it relates to recovery of defense costs. (Docket No. 38, at 5). However, the Court finds that recovery of Rider's defense costs is not at issue in this declaratory judgment case as it is now framed.[1] Thus, to the extent that Rider maintains it is entitled to reimbursement in whole or

---

[1] To the extent Rider is seeking permissive intervention, this request is also denied given this Court's discretion. *See Harris*, 820 F.2d at 597. The Court is conscious of the fact that the underlying incident occurred in September 2015, there are serious injuries at play, and the lawsuit pertaining to these injuries (Courtney v. Zinz, et al., Civil Action No. 1:17-cv-00076-BR) is stayed pending resolution of this coverage dispute. Pursuant to Fed. R. Civ. P. 1, which states that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding," this coverage dispute needs to be resolved promptly as its resolution has a direct bearing on the outcome of the related action at Civil Action No. 1:17-cv-00076-BR.

3

in part for attorney's fees and defense costs, this denial is without prejudice to Rider bringing its own separate action.

*/s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record.